Pearson, J.
 

 We are at some loss to know upon what ground of equity- the plaintiffs put their case. If it be upon the ground, that they have not had a fair trial at law, they have not prayed for a new trial, but merely pray for a perpetual injunction, as if the matter was there to stop. They do not allege the discovery of any evidence, since the adjournment of the Court, which gives them in equity a right to ask for a new trial at law, but merely allege that,
 
 after the trial,
 
 they discovered, that a bill of sale had been executed by the defendant for the purposes aforesaid.
 

 All this matter was brought to the attention of the Judge, who tried the case, and, after full deliberation and consideration of all the new matter brought forward by the plaintiffs, he refused to give a new trial, and being competent to decide, his adjudication must be final. In this point of view the bill cannot be supported, if an appeal to this Court for a new trial had been proper, since the Court of law was entirely competent to grant it,
 
 Fentriss
 
 v.
 
 Robins,
 
 N. C. Term Rep. 178. For although the bill says, the alleged combination to suppress and keep secret the fact, that the bill of sale was executed and that the purpose of its execution was to enable Grier to run the negroes out of the State, was not discovered until after the trial, it does not allege that those facts were not discovered, until after
 
 the expiration of the Term,
 
 so that the Judge at law had no power to acton the case in that point of view, but on the contrary the answer shows that the question was presented to the Judge, that he gave a day for the production of the witness Cunningham and refused upon a consideration of all the facts to grant a new trial. This Court is not authorized to say whether his decision was right or wrong. This Court cannot review the decision of a Court of law upon a question ad« dressed to its discretion, from which there is no appeal.;
 
 *268
 
 for the. same reason that they cannot review a question of law from which there is an appeal. It is only for some new matter, not known to the party, whilst the Court of law had the case in its power, that this Court has ever' interfered, and then not for matter to repel the charge by opposing proof, but such as destroys his proof. Pe
 
 gram
 
 v.
 
 King 2
 
 Hawks 297. Altho’ there is an allegation that Grier did not swear truly, it is not alleged how it can be shown that he swore falsely. The answer supports him in this. He was not present, when the bill of sale was executed, and of course did not know,
 
 of his own knowledge,
 
 whether the defendant had executed the bill of sale or not, and the answer positively denies, that there was any combination between the defendant and Grier to suppress the fact. It is true the defendant, on the trial at law, refused to admit the execution of .the bill of sale. She was under no legal obligation to admit it, and there is no allegation that the plaintiffs were surprised in con* sequence of her having agreed to admit it and then refusing, but even this was a matter for the consideration of the Judge on the motion for a new trial.
 

 It is suggested, that, as the plaintiffs could not have made a defence at law, upon proof of all their allegations, inasmuch as the forfeiture of the life estate was not annexed to the title, of the slaves, but was inserted by way of condition to a penal bond, that this Court will give relief, on the ground that the plaintiff had no defence at law, and the defendant is availing herself of a legal advantage.
 

 The bill was not framed with this aspect, and therefore the question is not fairly presented; but suppose it Avas, this Court, will never aid to enforce a condition, by which a vested estate is to be defeated or a forfeiture incurred, but will only grant relief by requiring the party to pay damages and restraining a further breach. If the party provides for himself a legal condition, annexed to
 
 *269
 

 the estate,
 
 whereby to defeat it
 
 at
 
 law, a Court of Equity will nevertheless relieve against a forfeiture or a breaoh of the condition, by decreeing that the bond shall be satisfied or the condition saved by the payment of the damage. Even this relief against conditions, by which estates are defeated, can only be given, when the conveyance is made to secure a debt by way of mortgage, but it never has been known, that, where the party has failed to secure himself by a
 
 condition annexed to the estate,
 
 so that it may be avoided at law, equity will lend its aid to enforce a condition and defeat an estate, for which a valuable consideration was paid. Equity gives redress for the damage really sustained and will not enforce pains, penalties, forfeitures or conditions, and will in most cases restrain the party from enforcing them.
 

 In this case the plaintiffs, if any injury has been sustained, have, by the penal bond of $350, as full redress as they stipulated, for the price of $350 for a life estate in a negro girl of 17 years of age was exorbitant. There is no error in the interlocutory order in the Court below. This opinion w.ll be certified to that Court.
 

 Per Curiam.
 

 Decree accordingly.